LYMAN TIFFANY et al., Respondents, *v.* BENJAMIN F. CLARK et al., Appellants.

The rule prohibiting a trustee from dealing with the trust estate to his own benefit, without the knowledge and assent of the *cestui que trust*, applies to a case where one of several trustees, who is also one of the beneficiaries of the trust, with his co-trustees, sells and conveys trust estate to himself, or to another for his benefit; and such sale can be repudiated by the other *cestuis que trust*.

In an action by the latter to set aside the conveyance, it is not necessary for them to show a restoration or offer to restore the consideration paid, they having received no portion thereof.

(Argued June 8, 1874; decided June 16, 1874.)

THIS action was brought by plaintiffs, as residuary devisees under the will of George Fox, deceased, in the event of the death of his son, William W. Fox, without issue (which contingency had happened), to set aside two deeds, one by the executors and trustees under the will to defendant Benjamin F. Clark, for the nominal consideration of $62,500, and the other, of most of the premises so conveyed, by said Clark to Emma Fox, wife of William W. Fox, one of the executors and trustees. The complaint alleged that the sale to Clark was, in fact, in the interest and for the benefit of said William W. Fox, and with an understanding between him and Clark, in pursuance of which the premises were conveyed to Mrs. Fox. Plaintiffs claimed that the sale was, therefore, in substance, by a trustee to himself, and so void. The defendants were the surviving executors of George Fox, the said Clark who was also one of the heirs and next of kin of William W. Fox, together with the other heirs and next of kin and the administrator with will annexed of said William W.

The court found, among other things, that the deed by the executors to Clark was, in fact, for the benefit of William W. Fox, who paid the whole consideration therefor, which was by a check of said William of $20,000 (subsequently paid), and a receipt signed by him for $42,500, to apply upon a legacy of $100,000 given him by the will. That

William was then in the possession of the premises, and con-. tinued thereafter to receive the rents and profits, and that no consideration was paid upon the conveyance by Clark to Mrs. Fox. That prior to the deeds, William W. Fox, as executor, had taken possession of personal property and assets, and had converted the same to his own use, sufficient to pay a large portion, if not all of the legacy to him, and that there was not the sum of $42,500 due him at the time he gave his receipt. That the said William concealed from the other executors the fact of his interest in the purchase, from whom he also concealed the fact that he had assets sufficient to pay his legacy, and that the inducement to the sale was to raise funds to pay the legacy.

The court directed judgment setting aside the deeds upon payment to the administrator of William W. Fox, of the $20,000, with interest from the time of his death, and that, upon such payment, the heirs at law of said William and the surviving executors of George Fox quitclaim to the residuary devisees all their interest in the premises conveyed by Clark to Mrs. Fox, and that from the $20,000 be deducted the costs and allowance of the plaintiffs, and of the surviving executors of George Fox, provided, however, that the said premises remain subject to the administration of the estate of said George Fox, and to the payment, with his other estate, of any legacies left unpaid. *Held*, no error; that the deeds were voidable at the election of the residuary devisees for the reasons above stated; nor could the transaction be upheld, upon the ground that it was the taking by William W. Fox of a portion of the real estate in payment of the specific legacy, as the co-executors were induced to part with the estate by representations not true, and did not exercise their judgment in opposition to the interest of said William; that a previous restoration or offer to restore what was received from Clark was not required, as Clark had no right thereto, he merely representing William W. Fox; and as plaintiffs, being entire strangers to the contract they were seeking to set aside, could not restore what the executors had, and from which they had received nothing, that, although

judgment might, for all purposes, as well have been merely to annul the conveyances, as it did not appear that there were any debts or legacies unpaid, and as the premises were left subject to the necessities of the administration of the estate of George Fox, the result was practically the same. But, *held*, that there was an omission in the judgment, in not inserting a limit of time within which the devisees should elect whether they will or not avail themselves of the provisions in their favor, that it should be so modified as to require the payment of the $20,000 to the administrator of William W. Fox, within sixty days, and his receipt therefor, duly proved, should be produced to the parties required to convey, and a release in due form tendered to them for execution. If the administrator refuse to accept or receipt that, the fact should be proved to the satisfaction of a judge of the Supreme Court, and in case the election was not thus made known, that appellants have liberty to apply to the court below for further order.

As to costs, the court *held*, that, this being an equity action, they were in the discretion of the court below, and could not be reviewed here, and that, were it otherwise, they were properly ordered paid out of the $20,000 belonging to the estate of William W. Fox, whose vicious conduct gave occasion and necessity for the action.

*F. N. Bangs* for the appellants.

*John E. Parsons* for the respondents.

FOLGER, J., reads for modification of judgment, and, as modified, affirmed.

All concur.

Judgment accordingly.