ANN MARGARET VAN HORNE MOKE, APPELLANT, v.
ADAM NORRIE AND GORDON NORRIE, EXECUTORS,
GUARDIANS AND TRUSTEES, AND GEORGE EDWARD
MOKE AND OTHERS, INFANTS, RESPONDENTS.*

*"Executors"* — *when it includes executrix* — *Cestui que trust* — *when he may act as his own trustee.*

The will of defendants' testator provided among other things, "I appoint my wife Ann Margaret Van Horne Moke executrix, my father-in-law Adam Norrie * * * or such of them as may qualify, executors of this my last will and testament, and trustees thereunder of my estate." In other portions he conferred certain powers upon his "executors" and appointed his "executors" guardians of his children, and conveyed property to them to be held in trust. *Held*, that the testator, in using the word "executors," intended to include therein the "executrix," and that his wife was entitled to act as trustee and as guardian of the children.

A *cestui que trust* is not absolutely prohibited from occupying the relation of trustee for his own benefit, and especially is this so when he is but one of several trustees.

APPEAL from a decree of the surrogate of the city and county of New York, entered upon the final accounting of the executor of one G. L. A. Moke, deceased. The principal question presented by the appeal relates to the meaning to be given to the word "executors" as used in the testator's will.

The will, after dividing the estate into a certain number of shares, proceeds: "I hereby give, devise and bequeath each and every such equal parts or shares unto my executors, hereinafter mentioned, to have and to hold the same unto them and the survivor or survivors of them in trust as follows, that is to say: one of such equal parts or share in trust for the benefit of each of such children. * * * I hereby declare that it shall be lawful for my executors or executor or others, the trustees or trustee for the time being of my will, with the consent in writing of my said wife, during her lifetime and afterwards at their or his own discretion, to raise any part or parts not exceeding the whole of one-half of the then vested or expectant or presumptive share of any child or issue, under the trusts hereinbefore declared, and apply the same

* This case was decided at the May Term, 1877.

for his or her advancement or benefit as the said trustees or trustee shall see fit. I authorize and empower the executors and trustees under this, my will, to hold all investments and securities held by me at the time of my decease. * * * I appoint my wife Ann Margaret Van Horne Moke executrix, my father-in-law Adam Norrie, my brother-in-law Gordon Norrie, and my friend David Plenderleath Sellar, or such of them as may qualify, executors to this, my last will and testament, and trustees thereunder of my estate. I authorize and empower my said executors, or such of them as may qualify, to sell at public or private sale, or lease for short terms not exceeding five years, any real estate of which I may die seized, and to grant, convey, demise and let the same to the purchaser or purchasers, or lessees, by good and sufficient deeds of conveyance and leases, with the usual covenants contained in executors' deeds, and in leases for short terms. I also authorize and empower my said executors, or such of them as may qualify, to change the investments of my estate from time to time in their discretion; also to compound, compromise, settle and submit to arbitration all claims belonging to or against my estate. I make, constitute and appoint my said executors, or such of them as may qualify as such, the guardians of the persons and estates of each and every of the children I shall leave who may survive me, until such children shall respectively attain the age of twenty-one years; and I direct that my said executors, who are hereby made trustees of the respective shares of my children in my estate, shall apply the income of the share of each child to his or her use, education and maintenance, in such manner and to such extent as they shall deem expedient.

The opinion of the surrogate in this case is reported in 2 Redfield, at page 429.

*A. P. Man*, for the appellant.

*Robert Dickey*, guardian *ad litem*, for the infant respondents.

DAVIS, P. J.:

The sole difficulty of construction involved in this appeal grows out of the use of the word " executrix " in connection with the name of the appellant, Mrs. Moke, in the tenth clause of the will.

If that word had been omitted, there would be no difficulty whatever in holding that Mrs. Moke was included in the word "executors," as used in that clause, and wherever else used in any provision of the will.

Nor could there be in that case any question that she as one of such executors was intended to be appointed one of the trustees and guardians under the will. The word "executors" is undoubtedly a proper word of description, of all persons appointed by a will to the duty of executing its provisions. The revisors of the provisions of the Revised Statutes, entitled "Of granting letters testamentary and of administration" (2 R. S., p. 68), wholly ignore the word "executrix" and use the more strictly proper words "executor" and "executors," in speaking of persons of either sex.

And the word "executrix" does not appear to have been introduced into our statutes, until by the provisions of chapter 782 of the laws of 1867, the partial disability of married women to act as executors was removed by the legislature. Nothing is more common in wills, where the wife of a testator is nominated together with other persons to execute the will, to find her name designated in the appointing clause as "executrix," and the other persons as executors, and in every other clause of the will all the appointees grouped together under the common name of "executors." That is the case in the present will. In every clause in which reference is made to the persons who are to execute the will, they are denominated "executors," and the word "executrix" finds no place in the will except as above pointed out. We think this fact indicates with unerring certainty the intention of the testator that the word "executor" should include the appellant wherever it was used by him in the will; because it cannot be supposed that he intended to give her the empty title of executrix, and then divest her of all power by using the word "executors" in a sense to exclude her from the exercise of any of the functions of the office.

The true grammatical sense of the first sentence of the tenth clause of the will, requires that the words "to this, my last will and testament, and trustees thereunder of my estate," should be read in connection with both the words "executrix" and "execu-

:tors," precisely as much as it requires that the words " I appoint," which commence the sentence, shall be read as well in connection with the several other persons named in the sentence, and with the words " executors" and " trustees" as with the words " my wife" and " executrix." By no other mode of reading can the several parts of the sentence have the significancy necessary to express the sense obviously intended. It is a forced construction which divides the several parts of the sentence so as to arrest the power given to the wife at the word " executrix," and to confine to the several persons named as executors all the parts of the sentence following their nomination. The effect of this would be to declare the word " executrix" to be one of exclusion, used to cut off the wife from any power or authority given in the various clauses of the will to the executors. Such an effect would be a gross injustice to the intention and memory of the testator, who clearly as it seems to us, intended to manifest and express, not only affection, but entire confidence in both the ability and judgment of his wife. We regard the construction of this clause as one wholly dependent upon the intention of the testator, to be gathered from all the parts of the will, and there does not seem to us to be any doubtas to what that intention really was.

The eleventh clause of the will appoints the executors (or such of them as might qualify) the guardians of the persons and estates of each and every, the children, the testator should leave, until such children, respectively, attain the age of twenty-one years. It appears in the case that several of these children were, at the time of the publishing of the will, of very tender years. It can hardly be possible to suppose that the testator, by using the word " executors" in the eleventh clause, thereby intended to exclude the mother from the guardianship of his six children during their infancy; and yet that effect must be given to that provision (as it has been by the learned surrogate), if we construe the word executrix, used in connection with the name of Mrs. Moke, in the tenth clause, as intended to distinguish and exclude her whenever the word " executors" is used in the will. If Mrs. Moke be held to be included in the word " executors," it needs no argument to show that she is appointed in common with all who qualify as

executors, one of the trustees under the will.   But it is regarded
as significant of the testator's intention to exclude her from the
trusteeship and guardianship, that by the seventh clause he
declares: "it shall be lawful for my executors or executor, or
others the trustees or trustee for the time being of my will, with
the consent in writing of my said wife during her life, and after-
wards at their or his own discretion, to raise any part or parts
not exceeding the whole of one-half of the vested or expectant, or
presumptive share of any child or issue under the trust hereinbe-
fore declared, and apply the same for his or her advancement or
benefit as such trustees or trustee shall see fit."   The argument is,
that if Mrs. Moke be a trustee, her  consent and participation as
such, will of course, be necessary; and  therefore it was inconsis-
tant with her relation as trustee, to require her consent in writing.
But the testator, as shown by the use of the words "or others,"
in that clause evidently anticipated the possibility that she and
the other executors might fail to qualify as executors, and he
intended, in any event, to prohibit the raising of the advance dur-
ing the life of his wife, without her consent in writing; or he
designed to express, for more abundant caution, his intention that
while his wife lived, whether she were an executor or trustee, or
not, the raising of this advancement should depend altogether upon
her consent in writing.   We fail to see the force of this fact as an
argument against the intention that she should act as trustee.

But the principal point is made upon the fact that if trustee, she
would to some extent be a trustee for her own benefit.   If this
fact were fatal to a trust, its effect we think would be limited in
this case to the portion which is for her own special benefit.   But
as the law is now settled, a *cestui que trust*, is not absolutely
excluded from occupying the relation of trustee for his own
benefit, and especially is this so where he is but one of several
trustees.   (*Wetmore* v. *Truslow*, 51 N. Y., 338; *Amory* v. *Lord*,
5 Selden, 103; *Tiffany* v. *Clark*, 58 N. Y., 632; Lewin on Trusts,
6th Ed. 57; Parsons on Trusts, 2 Ed. § 59.)   "Where the
administration of a trust is vested in co-trustees, they all form as
it were, but one collective trustee.   They must therefore execute
the duties of their office in their joint capacity" (Lewin on
Trusts, 227.)

We are of the opinion therefore, that the learned surrogate erred in his construction of the will and that the decree must be so modified as to declare Mrs. Moke to be one of the trustees and guardians under the will, with the same powers and to the same extent as the other executors who qualified, and with this modification, affirmed. The costs of the several parties to the appeal to be paid out of the fund.

The order to be settled by the presiding justice.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.